JUSTICE GRAY,
specially concurring.
I concur in the Court’s opinion on issues 1, 3 and 4. I specially concur in that opinion on issue 2, because I agree with the result and much, but not all, of what is said therein.
Specifically, I agree that questions and answers regarding the defendant’s mental capacity are permissible. I also agree that questions and answers which cross the line from capacity to purpose are impermissible under § 46-14-213(2), MCA, which prohibits psychiatrists and clinical psychologists from offering an opinion on the ultimate issue of whether the defendant did or did not have the state of mind which is an element of the offense charged. Thus, where the mental state element necessary to prove the charge is — as it is in the case before us — “purposely,” no opinion can be given regarding whether the defendant acted with purpose. Since between three and five questions and answers of record violate the statutory prohibition against testimony on the ultimate issue of the defendant’s mental state, I agree with the Court that those answers were erroneously admitted.
I also agree that, under §§ 46-20-104 and 46-20-701, MCA, the admission of this evidence does not affect the judgment in this case. The trial transcript before us exceeds 700 pages in length; much of it *139 is conflicting expert testimony from Drs. Wise and Stratford. Overall, the evidence against Santos was overwhelming. Thus, I join in concluding that, on the record before us, the erroneous admission of between three and five brief responses constitutes harmless error, without regard to whether it goes to the theft offense or the deliberate homicide charges.
In this latter regard, I disagree with the Court’s tying of the objectionable questions and answers to the vehicle theft, rather than to the homicides. To this extent, I agree with the dissent. This distinction is not raised by the State and, indeed, is superfluous to the Court’s analysis of this issue. Applying the controlling statutes correctly is a straightforward matter here: impermissible questions and answers were erroneously admitted into evidence but, given the overall record before us, the error is not reversible.
With regard to the dissent, I point out that most of the questions and answers quoted therein relate only to the discussion of the offense — whether theft or homicide — to which the questions related. That portion of the dissent does not, and could not correctly, suggest that all of the quoted questions and answers violate the statutory prohibition contained in § 46-14-213(2), MCA, against an expert opinion on the ultimate issue of whether Santos acted purposely or knowingly. It is clear from reading the transcript segment quoted by the dissent that only the last questions quoted could conceivably violate the statute.
I join the Court in affirming on all issues.